*Adam v. Barr*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of November, two thousand nineteen.

PRESENT:
> ROBERT D. SACK,
> PETER W. HALL,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

Ben Adam,

> *Plaintiff-Appellant*,

> v.                                                         19-925

William P. Barr, United States Attorney General, Geoffrey Steven Berman, United States Attorney for the Southern District of New York, Uttam Dhillon, Administrator of the United States Drug Enforcement Administration,

> *Defendants-Appellees.*

---

FOR PLAINTIFF-APPELLANT:              Ben Adam, *pro se*, New York, NY.

FOR DEFENDANTS-APPELLEES:             Jennifer Jude, Benjamin H. Torrance, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Ben Adam, proceeding *pro se* and under a pseudonym, sued the United States Attorney General, the United States Attorney for the Southern District of New York, and the Administrator of the Drug Enforcement Administration under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1(a), the Free Exercise Clause of the First Amendment, and the Equal Protection Clause of the Fifth and Fourteenth Amendments. As the founder of an Orthodox Jewish organization, Adam believes that the psychoactive properties of the cannabis plant help induce a pre-prophetic ecstatic state which can connect an individual to God and the divine realms. He claims a right to use cannabis for religious purposes and contends that the defendants should not enforce the Controlled Substances Act ("CSA"), listing marijuana as a controlled substance, against him. The district court dismissed Adam's amended complaint, ruling that he did not have standing to bring a pre-enforcement challenge for declaratory and injunctive relief. Adam appealed. We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

I.     **Legal Standard**

"We review *de novo* a district court's dismissal of a complaint for lack of standing." *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009).

"Standing under Article III of the Constitution requires that an injury be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Cayuga Nation v. Tanner*, 824 F.3d 321, 331 (2d Cir. 2016) (quoting

2

*Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010) (internal quotation marks omitted)). For an alleged injury to support constitutional standing, it cannot be "conjectural or hypothetical." *Susan B. Anthony List v. Driehaus,* 573 U.S. 149, 158 (2014) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992) (internal quotation marks omitted)).

Where, as here, a plaintiff asserts injury based on the threat of prosecution, the plaintiff need not "expose himself to liability before bringing suit to challenge the basis for the threat—for example, the constitutionality of a law threatened to be enforced." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128–29 (2007) (collecting cases). Rather, pre-enforcement review is available where the "circumstances . . . render the threatened enforcement sufficiently imminent." *Susan B. Anthony List,* 573 U.S. at 159; *see also Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (plaintiff "must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement"). A sufficiently imminent injury can be established by plausible allegations that a plaintiff intends to engage in conduct proscribed by a statute, and "there exists a credible threat of prosecution thereunder." *Susan B. Anthony List,* 573 U.S. at 160 (quoting *Babbitt*, 442 U.S. at 298). A credible threat is not established by "imaginary or speculative" fears of prosecution. *Knife Rights, Inc. v. Vance*, 802 F.3d 377, 384 (2d Cir. 2015) (quoting *Babbitt*, 442 U.S. at 298). Although "courts are generally 'willing to presume that the government will enforce the law as long as the relevant statute is recent and not moribund,'" *Cayuga Nation*, 824 F.3d at 331 (quoting *Hedges v. Obama*, 724 F.3d 170, 197 (2d Cir. 2013)), the mere existence of a law prohibiting intended conduct does not automatically confer Article III standing, *see Knife Rights*, 802 F.3d at 384 ("The identification of a credible threat sufficient to satisfy the imminence requirement of injury in fact necessarily depends on the particular circumstances at issue.").

**II. Discussion**

Adam argues that he has sufficiently alleged standing because "there is an ongoing threat of prosecution." Appellant's Br. at 10. He then cites numerous cases (most from outside this Circuit): (1) where courts have found pre-enforcement standing, without analyzing possible similarities to his case; (2) where ripeness requirements have been relaxed when First Amendment rights were at stake, without explaining why or how First Amendment ripeness requirements may apply to pre-enforcement standing challenges; and (3) where a failure to disclaim intent to enforce a law in response to litigation can confer standing. He asserts that he has validly claimed that his right to exercise his religion is being burdened because his complaint stated that he has an immediate intent to use cannabis as part of his religious practice. He refers generally to his essay entitled *The Path to the Tree: Prophecy and its Pursuit in the Jewish Tradition*, which, he contends, was incorporated into his complaint by reference and "thoroughly discussed the purpose and circumstances of his intended cannabis use." *Id*. at 17. He also refers to a January 2018 memorandum authored by a former U.S. Attorney General in which the current Administration announced its intention to prosecute cannabis possession, distribution, and cultivation. This memorandum, Adam contends, makes it clear that he is "under a constant threat of prosecution," which limits his religious practices. *Id*. at 18.

Adam's contentions on appeal essentially repeat the conclusory arguments he made in district court concerning an amorphous threat of prosecution based on his intended, but illegal, use of marijuana. He reasons that because he intends to use marijuana, and such usage is against a law that the federal government enforces, he could be prosecuted. But he does not provide insight into any "particular circumstances at issue" here that could support finding a "credible" threat of prosecution. *Knife Rights*, 802 F.3d at 384. He has not alleged, for example, that he plans to

4

possess and distribute marijuana to the members of his organization; nor could he, given his statement that, at present, his organization has only one member—Adam himself. At most, as the district court concluded, Adam has merely alleged an intention to possess marijuana for his own use. But he does not claim that the CSA has been enforced against him in the past, nor that he has ever been threatened with prosecution.[1] Nor has he made any allegation concerning the past or present enforcement of the CSA in general from which a credible threat could be inferred in this case.

The cases that Adam cites to demonstrate that the Government has enforced the CSA and has imprisoned people for violating the statute are inapposite. Either they do not involve criminal convictions for marijuana, *see, e.g.*, *United States v. Lafley*, 656 F.3d 936, 940–42 (9th Cir. 2011) (finding no violation of RFRA where conditions of supervised release prevented religious use of marijuana following conviction for conspiracy to manufacture and possess with intent to distribute methamphetamine), or they involve distribution rather than possession, *see, e.g.*, *United States v. Christie*, 825 F.3d 1048, 1054 (9th Cir. 2016) (prosecution for distributing large quantities of cannabis as part of defendants' Hawaii Cannabis Ministry). These cases do not demonstrate that the CSA is enforced against the kind of personal religious use that Adam allegedly intends to engage in.

Even the 2018 memorandum by the U.S. Attorney General concerning enforcement of the CSA—which the district court refused to consider on the motion to dismiss—does not particularize the CSA's enforcement in relation to Adam; he would simply be at risk just like any other person in the country who might violate the CSA. While Adam argues that "a court is to assume that the government will enforce its own laws," Appellant's Br. at 22, that presumption, in and of itself, is

---

[1] Indeed, Adam alleges that he has never been arrested or charged with any marijuana-related crimes, in relation to his religious beliefs or otherwise.

not sufficient to confer standing, as courts also consider the extent of that enforcement in determining whether a credible threat of prosecution exists. For example, in *Cayuga Nation*, we found that the plaintiffs had alleged a credible threat of prosecution not only because their behavior was clearly prohibited by an ordinance, but also because the town "announced its intention to enforce the Ordinance" against the plaintiffs and warned the plaintiffs that failure to comply might constitute an offense punishable by fine, imprisonment, or both. 824 F.3d at 331; *see also Susan B. Anthony List*, 573 U.S. at 164 (discussing history of past enforcement of a statute against the petitioners, for the same conduct, as being good evidence that "the threat of enforcement is not 'chimerical'" (quoting *Steffel v. Thompson*, 415 U.S. 452, 459 (1974))); *Knife Rights*, 802 F.3d at 385–87 (fear of prosecution not conjectural or hypothetical "given that defendant [district attorney] recently identified [plaintiff] as a [state criminal law] violator and pursued enforcement action against it").

Because Adam has failed to allege facts sufficient to demonstrate a credible threat of prosecution under the CSA, the threat of enforcement against him is insufficiently imminent to confer Article III standing. *See Knife Rights*, 802 F.3d at 384.

We have reviewed the remainder of Adam's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6